IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALLEN CASTRO PH.D., | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | 5-21-CV-00748-FB-RBF |
| BEXAR COUNTY, TEXAS, | § § | |
| *Defendant*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Allen Castro's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1). *See* Dkt. No. 10. This post-judgment motion was referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 14. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Castro's Motion, Dkt. No. 10, should be denied.

**Factual and Procedural Background**

Plaintiff Castro, a Substance Abuse Program Manager for Defendant Bexar County, sued his employer for race, national origin, age, sex, and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.*, and Chapter 21 of the Texas Labor Code. Castro filed his claims against the County in Bexar County District Court, and the case was thereafter removed to this Court.

According to his live Complaint, Castro—who identifies as a 52-year-old Hispanic male member of the LGBTQ community—contends he was subjected to continuous discrimination, a hostile work environment, and retaliation, dating from July 5, 2012, and continuing to the present day. *See* Orig. Pet. (Dkt. No. 1-5). In the live pleading, Castro complains that (1) the County excluded him from a team-building exercise due to his age, (2) his coworkers and immediate supervisor "engaged in gay bashing" and various sexually inappropriate behaviors behind his back, and (3) his supervisor was "hostile" towards ethnic minorities. Bexar County, according to the pleading, retaliated against Castro for participating in a 2020 internal discrimination investigation, through which Castro lodged allegations of age discrimination. The Complaint further alleges that the County also retaliated against Castro for being named as a witness in an EEOC case filed by two coworkers. The alleged retaliatory acts, according to Castro, consisted of the following: (1) refusing to move Castro from the third floor to the ninth floor with the rest of his department; (2) denying Castro unspecified advancement opportunities; (3) "significantly chang[ing] [Castro's] employment status," causing him to be reassigned and demoted to an unmentioned position; and (4) poisoning his coworkers against him. Finally, the Complaint also appears to contend that the County's reference to Castro's subsequent mental-health crisis in its EEOC position statement constitutes disability discrimination.

Castro alleges he timely filed a Charge of Discrimination with the Texas Workforce Commission, complaining of the aforementioned conduct, on or about July 9, 2020. *See id.* ¶ 6 (identifying charge number 451-2020-02908).

Bexar County timely removed the case. *See* Dkt. No. 1. It then sought two unopposed extensions of time to answer or otherwise respond to Castro's complaint, which the District Court granted. *See* Dkt. Nos. 2-5. On September 2, 2021, Bexar County moved to dismiss Castro's claims pursuant to Rule 12(b)(6). *See* Dkt. No. 6. In the Rule 12(b)(6) motion, Bexar

County argued that Castro failed to administratively exhaust his discrimination and hostile-work-environment claims and failed to plausibly plead a claim for retaliation. *See id.* Castro didn't timely respond to the County's Motion or otherwise request an extension of time to respond. *See* Local Rule CV-7(d)(2) (providing a 14-day response deadline).

On September 30, 2021, the District Court granted the County's motion to dismiss for the reasons set forth in the County's motion. *See* Dkt. No. 8. In doing so, the District Court evaluated the sufficiency of Castro's pleadings, noting that "it is not proper . . . to grant a motion to dismiss solely based on a party's failure to respond." *Id.* n. 1 (citing *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012)). The District Court then entered a take-nothing Final Judgment and closed the case. *See* Dkt. No. 9.

On December 16, 2021—77 days after the District Court entered Final Judgment—Castro filed the instant motion for relief from judgment. *See* Dkt. No. 10. In it, counsel for Castro explains that he suffered from serious medical complications, which prevented him from responding to the County's motion to dismiss. Had he been afforded an opportunity to respond to the County's motion, Castro reasons, "there would have been an appreciable chance of the 12(b)(6) motion being denied and [Castro's] claims succeeding." *Id.* at 4 (quoting *United States v. Nevers*, No. CR 16-88, 2019 WL 7282145, at *14 (E.D. La. Dec. 27, 2019), which discusses the meaning of "meritorious" within the context of a claim for ineffective assistance of counsel in a criminal case).

**Analysis**

"Rule 60(b) vests in the district courts power 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). Here, even assuming Castro has sufficiently demonstrated excusable neglect for

failing to timely file a response to the County's Rule 12(b)(6) motion, nothing in Castro's response warrants reconsideration of the District Court's dismissal order. Nowhere in his Rule 60(b) Motion does Castro seek leave to cure the pleading deficiencies addressed in the District Court's September 30 Order, let alone explain how he would do so (*e.g.*, by attaching a proposed amended complaint). Nor could an amended complaint cure Castro's failure to administratively exhaust his claims of race, national origin, age, sex, and disability discrimination and hostile work environment. Re-opening the case would be fruitless, and, therefore, Castro's motion should be denied.

### A. Castro Failed to Administratively Exhaust His Discrimination Claims.

Prior to filing a lawsuit alleging discrimination or retaliation against a former employer, an employee such as Castro is required to exhaust administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (Title VII); *Walton-Lentz v. Innophos, Inc.*, 476 F. App'x 566, 569 (5th Cir. 2012) (ADEA).[1] To exhaust a claim, an employee must first file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Taylor*, 296 F.3d at 378-79. Only after the EEOC completes its investigation of the charge and issues its right-to-sue letter may the employee sue the employer in federal court. The resulting lawsuit is limited to the same type of discrimination that was alleged in the charge as well as the scope of the EEOC investigation that "can reasonably be expected to grow" out of it. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (quotations omitted).

Here, Castro filed a charge of discrimination with the EEOC in which he checked only the box on the form for retaliation. The factual description of the alleged discrimination solely

---

[1] *See also Davis v. Fort Bend Cty.*, 893 F.3d 300, 306-07 (5th Cir. 2018), *aff'd sub nom.* 139 S. Ct. 1843 (2019) (clarifying that timely filing a charge with the EEOC is a non-jurisdictional precondition to filing suit in district court).

referenced retaliation for participating in a coworker's EEOC case. In that description, Castro complained that he was "prohibited from moving with [his] current colleagues and immediate supervisor of the Office of Criminal Justice to the 9th floor" in retaliation for active participation in the coworker's EEOC case. Dkt. No. 6-1 at 4 (EEOC Charge). Nowhere in Castro's charge did Castro reference age, race, national origin, sex, or disability discrimination or offer any supporting facts for such claims. Castro's failure to do so renders his various discrimination claims subject to dismissal as unexhausted. *See Pacheco*, 448 F.3d at 792 (noting that although plaintiff's failure to check the box for age or national original discrimination was not fatal, dismissal was appropriate because plaintiff also failed to provide any information in his factual statement regarding such claims); *see also Sanchez v. Standard Brands Inc*., 431 F.2d 455, 462 (5th Cir. 1970) ("[T]he crucial element of a charge of discrimination is the factual statement contained therein.").

The fact that some of the alleged acts of discrimination may have occurred after Castro filed his charge doesn't mandate a different result here, as Castro urges. To start, as pleaded, Castro's age, race, sex, and national origin claims arose years *before* he filed his EEOC charge.[2] Accordingly, Castro could've—but didn't—include these allegations in his EEOC charge. The primary purpose of the exhaustion requirement is to "trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims." *Pancheco*, 448 F.3d at 788-89. Castro only alleged retaliation and cited in support only the County's refusal to move him to the ninth floor. There is no indication that the EEOC considered Castro's present claims of age, race, national origin, sex, or disability

---

[2] *See* Orig. Pet. ¶ 36 (alleging that certain "heterosexist" behavior, which forms the basis of Castro's sex discrimination and hostile work environment claim, occurred "[d]uring the holiday season of 2015"); ¶ 31 (complaining of a December 2016 allegedly racist and anti-Catholic memorandum).; ¶ 32 (complaining that he was excluded from a team-building exercise for younger employees in the summer of 2018).

discrimination in its investigation. To the contrary, in a letter dated April 28, 2021—the same day the EEOC issued its Notice of Right to Sue—the EEOC advised counsel for Castro that "the available information does not support a conclusion that *Retaliation* was a factor in your client's employment experience." Dkt. No. 6-1 at 8 (emphasis added).

Even if the alleged discrimination was also a function of Castro's filing of an EEOC charge, there's no exception to the exhaustion requirement where both retaliation and discrimination claims are alleged. *Compare Simmons-Myers v. Caesars Entm't Corp.*, 515 Fed. App'x 269, 274 (5th Cir. 2013) (refusing to apply the *Gupta* exception[3] to administrative exhaustion where both retaliation and discrimination are alleged). Accordingly, there is no basis for the District Court to reconsider its dismissal of Castro's age, race, national origin, sex, or disability discrimination and hostile work environment claims.[4] *See Pancheco*, 448 F.3d at 788-89; *see also Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990) (employee precluded from suing for sex discrimination where charge only alleged race and age discrimination).

   **B.**  **Castro Failed to Plausibly Plead a Claim for Retaliation**.

The District Court also properly dismissed Castro's retaliation claim on the merits. "To survive a Rule 12(b)(6) motion, a plaintiff alleging Title VII retaliation [or retaliation under Texas law] must plead facts showing: "(1) that she engaged in protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Cuellar v. Sw. Gen. Emergency Physicians,*

---

[3] In *Gupta v. East Texas State University*, the Fifth Circuit held that exhaustion isn't required for a retaliation claim growing out of an earlier-filed EEOC charge. 654 F.2d 411, 414 (5th Cir.1981).

[4] Although the District Court's Final Judgment Order doesn't specify whether these claims are dismissed with or without prejudice, a dismissal for failure to exhaust is not on the merits. *See, e.g.*, *Truvillion v. King's Daughters Hosp.*, 614 F.2d 520, 525 (5th Cir. 1980) (dismissal of EEOC's case for failure to meet condition precedent to suit was not on the merits).

*P.L.L.C.*, 656 Fed. App'x 707, 709 (5th Cir. 2016) (quotations, brackets, and ellipsis omitted); *see also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) ("Section 21.051 [of the Texas Labor Code] is effectively identical to Title VII") (quotations omitted). An adverse employment action for purposes of a Title VII retaliation claim is any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006). Although such a definition covers a broader range of conduct than does the adverse-action standard for claims of discrimination under Title VII, it is not without limits. "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* at 68. Here, Castro hasn't plausibly pled that he suffered an adverse employment action sufficient to give rise to a claim for retaliation.

The only employment action mentioned in Castro's EEOC charge is the County's refusal to move Castro to the ninth floor with the rest of his department. Castro alleges that this refusal left him feeling "insulated and isolated," "detrimental[ly] impacted" the "quality and quantity of his work," and unfairly "stigma[tized] him as "being the only member of the Office of Criminal Justice who wasn't moved to the 9th floor." Orig. Pet. ¶¶ 13, 68. But Castro doesn't contend *how*—other than presenting a mere inconvenience—officing on the third floor affected his job responsibilities or duties. Nor does Castro allege that his work location caused him to suffer a change in title or a reduction in pay or benefits. Accordingly, as pleaded, the County's refusal to relocate Castro to the ninth floor is the type of "petty slight [and] minor annoyance" that doesn't rise to the level of a materially adverse action. *Burlington*, 548 U.S. at 68.[5]

---

[5] *See also Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 918 (8th Cir. 2007) (employee's reassignment from office to open office cubicle was not materially adverse even though his "new work space may not have been as desirable").

Similarly, Castro's other alleged adverse employment actions—even if he had properly exhausted them—aren't actionable. The alleged "badmouthing" of Castro to his coworkers is not a materially adverse action capable of sustaining a retaliation claim. *See Holloway v. Dep't of Veterans Affairs*, 309 Fed. App'x 816, 819 (5th Cir. 2009). And although elsewhere in his Petition Castro claims that the County denied him advancement opportunities, demoted him, and adversely altered his duties,[6] Castro provides no factual support for these claims. Castro doesn't allege what advancement opportunities the County denied him, how the County altered his job duties, or his new demoted job title or duties. Such conclusory allegations are insufficient to prevent dismissal. *See Poloceno v. Dallas Indep. Sch. Dist.*, 826 Fed. App'x 359, 361-62 (5th Cir. 2020) (a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quotations omitted).

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Castro's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1), Dkt. No. 10, be **DENIED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

---

[6] *See* Orig. Pet. ¶¶ 61, 68, 72, 74. 75.

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 28th day of April, 2022.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE